MADLER, Respondent, vs. POZORSKI, Appellant.

*February 24—March 14, 1905.*

*Agency to sell land: Sale by subagent: Agreement to divide profits:
Inconsistent positions: Evidence.*

1. Where plaintiff, having authority to offer certain land for sale·
   and to submit bids therefor to the owner, agreed with defend-
   ant that if the latter should find a purchaser the profits should·
   be equally divided, but no exclusive agency was transferred to·
   defendant, it was not inconsistent with such contract for plaint-·
   iff to endeavor to make a sale to defendant's customer.
2. Such an agreement by plaintiff was not inconsistent with his:
   duty to the owner of the land, if there was no fraud, deception,
   or unfair dealing in his relations with such owner.
3. Unfair dealing by defendant with the owner, in which plaintiff·
   did not participate, would not affect plaintiff's right to recover·
   his share of the profits made by defendant on a sale of the land..
4. Rejection of evidence offered to impeach immaterial testimony
   elicited from the opposite party on cross-examination, is not. ·
   a material error.

APPEAL from a judgment of the superior court of Milwau-
kee county: J. C. LUDWIG, Judge. *Affirmed.*

Plaintiff and defendant lived in Milwaukee, and were en-
gaged in buying and selling real estate. Robert C. Thielman,.
who owned certain property in Milwaukee, lived at Toma-
hawk, Wisconsin. Plaintiff at the time in question was acting
as agent of Thielman for the purpose of collecting rents from
this property, with authority to attend to necessary repairs
and alterations, and with the further understanding that
Thielman desired to sell the property·and in case plaintiff
could obtain an offer therefor it should be submitted to Thiel-
man for approval. Pursuant to this understanding plaintiff
had placed signs upon the property bearing the words "For
Sale" and his name and address. He had also, prior to July
15, 1903, the time when defendant first appeared upon the
scene, advertised the property for sale in several newspapers.

On or about the 15th of July, 1903, defendant went to plaintiff's office and said he thought he could help plaintiff sell the Thielman property; and it was agreed verbally that if defendant found a purchaser the profits would be divided between plaintiff and defendant. Defendant at the same time asked permission to remove plaintiff's signs from the property, which was granted, and the signs were afterwards removed. About a week later defendant went to plaintiff's office and told plaintiff he had sold the property for $7,500, and plaintiff said he did not think Thielman would take any such figure as that for it. Defendant requested plaintiff to see Thielman in relation to this offer, which plaintiff agreed to do; but owing to Thielman's absence and illness plaintiff had no communication whatsoever with him for about three weeks, when he wrote Thielman, stating that he thought he had a purchaser for the property and asking for the lowest figure he would accept. The same day he received a letter from Thielman stating that the property had been sold to defendant. This was the first intimation plaintiff had of the sale and of the fact that defendant had any dealings whatever direct with Thielman. On the same day, August 7, 1903, plaintiff wrote to Thielman, stating: "I had expected that you would advise me before accepting any proposition from any one, but if you made a good deal all well and good." A few days later Thielman went to plaintiff's office in Milwaukee with defendant, where the deal was closed. As the papers were about to pass, plaintiff called Thielman's attention to the fact that he had expended $75 or $80 for repairs upon plumbing in the property and requested payment. Defendant had the deed run to his wife, with $1 consideration; and on the following day Mrs. Pozorski conveyed the property to one Warzala, the purchaser, for $1.

This action was brought to recover $425 and interest from August 21, 1903—one half of $850, profits alleged to have been realized by defendant on the sale to Warzala. The ac-

tion was tried before the court and a jury, and a verdict of
$438.50 found for plaintiff. Motion for new trial denied,
judgment on the verdict, and appeal.

*J. C. Officer,* attorney, and *Joseph B. Doe,* of counsel, for
the appellant.

For the respondent there was a brief by *Quarles, Spence
& Quarles,* and oral argument by *William C. Quarles.*

KERWIN, J. 1. It is claimed by counsel for appellant that
the court erred in refusing to admit testimony as to plaintiff's
attempt to get hold of defendant's customer. The contract
set up in the complaint was that the defendant should have
the right to offer the property for sale and make a sale of the
same, and that the profits should be equally divided, but it
does not appear that the exclusive agency was transferred to
defendant. The evidence offered tended to show that plaint-
iff was endeavoring to make a sale, and this was not inconsist-
ent with his contract with defendant. Therefore exclusion of.
such evidence was not reversible error. It appears that evi-
dence was offered by defendant for the purpose of impeaching
the testimony of plaintiff and one Kern, who testified on cross-
examination to the effect that they did not solicit defendant's
customer. The testimony as to whether or not they did so
solicit being immaterial, evidence to impeach it was likewise
immaterial, and the exclusion of it not prejudicial error.

2. Under the second and fourth assignments of error, to the
effect that the court erred in denying defendant's motions for
the direction of a verdict, to change the verdict, and for judg-
ment, and for a new trial, and in granting plaintiff's motion
for judgment, it is contended that plaintiff could not act as
the agent of, and receive pay from, Thielman and defendant;
but it does not appear that plaintiff's relations with Thielman
were in any way inconsistent with his contract with defend-
ant. Plaintiff was endeavoring to obtain a bid for the prop-
erty for Thielman, and agreed with defendant that if he

should obtain an acceptable offer plaintiff would divide profits with him on the sale. There is no evidence whatever of any attempt on the part of plaintiff to take advantage of his principal, or conceal from him any material fact concerning the sale. On the contrary, it appears that he was at all times acting in the interest of his principal in the proposed sale. Whether defendant was guilty of unfair dealing with Thielman can in no manner affect plaintiff, if he was not a party to it. It not appearing that plaintiff was guilty of any fraud, deception, or unfair dealing in his relations with Thielman, it is unnecessary to consider the effect of such conduct upon the plaintiff's right to recover.

3. Appellant further assigns as error that the question of fraud and deception on the part of the agents against their principal was ignored. From the view we have taken of the case it does not appear to us that there was any question of fraud to submit to the jury.

*By the Court.*—The judgment of the court below is affirmed.