## Paul Bauer et al. v. J. W. Crow.

### No. 2740.  Decided May 12, 1920.

### (221 S. W., 936.)

**1.—Brokers—Sale of Land—Special Findings Construed.**

Two brokers made agreement for division of profits on a sale of certain land, to be effected by their joint efforts. Pending negotiations therefor in which both brokers participated, but on terms which were never consummated, one of them formed a partnership with a third person, and by these two the contemplated sale, but on different terms, was carried to conclusion at a profit. In an action by the other broker against the firm for plaintiff's share, in accordance with his contract, in the profits collected by them, it is held that a finding by the jury on special issues that plaintiff took no part personally in effecting the actual sale made by the defendant partnership, and it was made by the partners acting together and alone, was not to be construed as a finding that plaintiff did not have anything to do with the sale from its inception, and did not defeat his right to recover. (Pp. 541, 542).

**2.—Same—Partnership—Previous Existing Contract.**

Where one land broker had negotiations on foot for a sale of land, in connection with plaintiff, another broker, and with agreement between them

for division of the profits, and pending these negotiations formed a partnership with a third person, the sale being then carried to a conclusion by the new firm alone and on terms different from those first proposed, the sale concluded was not a new and distinct undertaking, but a continuance of the joint enterprise previously begun by one of the partners. It was not material that his partner was ignorant of the previous contract with plaintiff for a division of the profits. The firm took up the enterprise subject to such contract for division of proceeds; and neither the firm nor the partner ignorant of such former contract had the *status* of purchasers innocent of knowledge of plaintiff's claim. (Pp. 540-543).

3.—Same.

See special findings hel : to amount to a verdict for plaintiff, and not for defendant. (P. 543).

Question certified on dissent from the Court of Civil Appeals for the Eighth District, in an appeal from the District Court of Harris County.

Crow recovered judgment against Bauer and another which was affirmed on defendant's appeal. 171 S. W., 296. Motion for rehearing was overruled, with a dissenting opinion, and the point of dissent was thereupon certified to the Supreme Court.

*John B. Warren, Norman G. Kittrell, Jr.* and *Moody & Boyles,* for appellants.—The agreement as found to exist by the jury between Crow and Bauer was an agreement of defendant Bauer made before the partnership of Bauer and Barbee, and was the personal obligation of Bauer, if of any force, and the proof showing that Bauer and Barbee made the sale as partners, the partnership assets could not be taken for Bauer's debt. Moore v. Steele, 67 Texas, 439; Buzard v. McAnulty, 77 Texas, 441; Blackwell v. Bank, 97 Texas, 451; Wiggins v. Blackshear, 86 Texas, 667; Sain v. Rooney, 101 S. W., 1128; First Nat. Bank v. Watson, 66 S. W., 233; Meeve v. Eberhardt, 49 Texas Civ. App., 329; Beatty v. Bulger, 66 S. E. 895; Randall v. Meridith, 76 Texas, 84; Dean v. Collins, 9 L. R. A. (N. S.) 57; Meachum on Partnership, sec. 285 *et seq.;* Buchan v. Sumner, 47 Am. Dec., 307; Willis v. Hill, 31 Am. Dec., 413; Holmes v. Burton, 31 Am. Dec., 621; Rogers v. Nichols, 20 Texas, 725; Middlebrook v. Zapp, 79 Texas, 321.

If it be conceded that appellees' pleading and evidence supported the finding of the jury in answer to the first issue submitted to them, and that the agreement so found was a valid and enforceable contract as to Bauer, still it would be only the obligation of Bauer and the jury having found on the undisputed evidence that the sale was made by Bauer and Barbee as partners, and that Crow did not participate therein, the partnership fund or assets could not be taken by the court and applied in partial satisfaction of Crow's judgment against Bauer. Rev. Stat., art. 3743; Middlebrook v.

Zapp, 79 Texas, 321; Sumner v. Crawford, 91 Texas, 131; Pittman v. Rotan, 15 Tex. Civ. App., 679.

*Maco & Minor Stewart, R. W. Houk*, and *S. H. Brashear*, for appellee.—Where plaintiff Crow and defendant Bauer, on May 7, 1909, entered into a partnership agreement to attempt to sell land to Ogden and share the profits between them, and reiterated the same by another contract, on May 25, 1909, and again reiterated the same by agreement of June 9, 1909 (during the whole of which time they were negotiating with Ogden for the sale of the land found by plaintiff Crow); and a sale was finally closed by plaintiff's associate, Bauer, and Bauer's new associate, Barbee, about June 23, 1909 (said new association between Bauer and Barbee having been made June 10, 1909, or after the above agreements were made between Crow and Bauer), and Bauer and Barbee had received and appropriated to their own use the cash part of the profit (to-wit, $5,645 cash); and the $2,000 note, given as part of the profit, had never come into their possession, and plaintiff Crow had received no part of the profit; he, Crow, had an equitable lien on the note for his part of the profit as said note was part of the assets of Crow and his partner, Bauer, and the subsequent agreement between Bauer and Barbee did not operate to contravene or defeat Crow's interest. Merriwether v. Hardiman, 51 Texas, 441; 30 Cyc., 700; 1 Pomeroy Equity sec. 166; 3 Pomeroy Equity, sec. 1236, 1291; Moore v. Steele, 67 Texas, 439; 23 Cyc., 455, 456, 459.

The assets of Crow and Bauer cannot be taken by a subsequently formed partnership in disregard of Crow's rights. Where a party has put in his services for an interest in the profits, his rights cannot be curtailed by the others, excluding him and repudiating the contract: Clarkson v. Whitaker, 33 S. W., 1032.

Where a special verdict is rendered and judgment is entered, all issues not submitted shall be deemed as found by the court in such manner as to support the judgment where there is evidence to warrant it. Rev. Stat. 1911, art. 1985; Godley Lumber Co. v. Teagarden, 135 S. W., 1114; Devine v. U. S. Mortg. Co., 48 S. W., 585; State Nat. Bank v. Fuller, 63 S. W., 554; Brown v. Sav. C. W. O. & W., 49 S. W., 893.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The uncontradicted evidence disclosed the following facts, according to the certificate of the Court of Civil Appeals, towit:

On May 7, 1909, an agreement was made between appellee. Crow and appellant Bauer for the equal division between them of profits to be earned on a sale of lands they were to endeavor to make to F. A. Ogden. Crow appears to have known something of the lands and Bauer appears to have known Ogden. The lands belonged to Milton H. Smith, whose agent was one Moling. On the day Crow and

Bauer entered into their agreement Crow brought Moling and Bauer together and it was arranged that the profits on any sale of Smith's lands to Ogden was to go half to Moling and half to Crow and Bauer. On May 25, 1909, a written agreement was made, fixing a different division of the profits to be made on a sale to Ogden, between Moling, Crow, Bauer and one A. B. Mayes. Moling had some sort of option contract with Smith, which he took to enable him to close the deal with Ogden, and for which he paid $1000. On June 9, 1909, the offer made by Ogden for the lands was found to be unacceptable to the owner, since it involved the owner taking over certain securities which he did not approve, and thereafter, on that day, a meeting was held at which Ogden, Crow and Bauer were present, and in which Ogden was informed that if he would pay all cash a reduction would be made in the price of the lands, and Ogden agreed to consider a purchase at a reduced price. It was thereupon understood by Crow and Bauer that Bauer would proceed with an effort to close the deal, on the basis of paying Moling less of the profits, and dividing the, balance of the profits equally between Crow and Bauer. On June 10, 1909, Bauer formed a partnership with appellant Barbee in the real-estate business under the name of Paul Bauer & Co. On June 21, 1909, Moling assigned his option contract to Bauer, under an agreement whereby Moling was to accept a certain sum out of the proceeds of any sale made to Ogden, such sum being less than Moling was entitled to receive under the written agreement of May 25th. On June 23, 1909, a sale of the lands from Smith to Ogden was concluded, at a profit of $9000 cash and Ogden's note for $2000. After paying Moling his portion, there remained a net profit on the sale of $5625 and the $2000 note. Bauer and Barbee collected and appropriated the $5625 and the $2000 note was placed in the hands of a receiver to abide the result of this suit, which was brought by Crow against Bauer, Barbee and the receiver to recover the sum of $3812.50, of Bauer and Barbee, and to have the note applied to the payment of said sum.

The case was submitted on special issues. The answers of the jury were in substance:

"(1) That the plaintiff Crow and defendant Paul Bauer, on June 9, 1909, agreed between themselves that they would work together and close the deal and divide equally whatever profit or commission was made by them on the trade with Ogden.

(2) That the plaintiff Crow, after the execution of the written contract of May 29, 1909, between Milton H. Smith and C. B. Moling, did not have or obtain any authority to sell or to offer for sale the Milton H. Smith lands.

(3) That defendants Barbee and Bauer formed a partnership in the real estate business on June 10, 1909.

(4) That the plaintiff Crow knew of the existence of the partnership in the real estate business of Bauer and Barbee at and prior

to the execution of the contract between Moling and Bauer on June 21, 1909.

(5)   That the defendant Barbee did not know at the time of the making of the contract of June 21, 1909, between Bauer and Moling, of any agreement between Crow and Bauer to divide the profits of that deal.

(6)   That Barbee did not know on June 21, 1909, or prior thereto, of any right of Crow to participate in the profits on the sale made to Ogden for the Smith lands other than as set out in the written contract of May 25, 1909, between the Charles B. Moling Company, party of the first part, and Paul Bauer, party of the second part.

(7)   That Barbee did not know of the agreement, if any, between Crow and Bauer to divide the profits on the sale of the Smith lands to Ogden at the time he (Barbee) divided with Bauer the cash received on the deal.

(8)   That Crow did nothing personally towards effecting the actual sale made to Ogden of the Smith lands subsequent to June 9 and prior to June 21, 1909.

(9)   That Barbee and Bauer, acting together and alone, made the sale of the Smith lands to Ogden.''

The question certified is whether the answers of the jury constitute a verdict for the plaintiff or for the defendant.

We do not think that the jury's findings numbered (8) and (9) defeat the right of the plaintiff to recover, which was the dissenting view of Chief Justice Harper.

In our opinion, while the questions eliciting these answers were not admirably framed, the jury could not, in the light of this record, have meant anything by the answers save that Crow did not take part in the work of concluding the sale to Ogden after June 9, 1909. While the last finding, standing alone, is broad enough to deny that Crow had anything to do with the sale from its inception, yet we think it fairly apparent that in using the word "sale" both the court and jury restricted its meaning to the negotiations between the parties subsequent to the 9th day of June 1909.

Neither the failure of Crow to take part in the negotiations, after June 9, 1909, nor the acts of Bauer and Barbee, after that date, in carrying them to a successful conclusion, can defeat Crow's right to share in the profits of the sale to Ogden. There was nothing in the agreement between Crow and Bauer which called for any act on Crow's part, which he, at any time, failed to perform.

The sale to Ogden was clearly in consummation of the contract between Crow and Bauer, and the firm of Paul Bauer & Company took that contract, with its burdens as well as its benefits. Neither the firm nor Barbee could occupy the *status* of an innocent purchaser as regards the rights of Crow when the true nature of the firm's participation in the deal was merely to take up and conclude a transaction which Crow and Bauer at the time had on the way to

fruition. It is to disregard vitally important facts out of which the profits arose to consider the sale to Ogden without relation to what had transpired before Barbee became Bauer's partner.

When the firm of Paul Bauer & Co. was formed, there was in existence a mere inchoate right to share profits, to arise from a enterprise of Crow and Bauer. That enterprise was the one actually continued and closed by the efforts of Bauer and Barbee. It was not a new or distinct or independent undertaking. Under the circumstances, the firm of Paul Bauer & Co., when it took its option on Smith's Lands, acting by Paul Bauer, took same charged with the contingent liability to Crow, and there is nothing in the findings sufficient to prevent the enforcement of that liability.

We conclude that the answers of the jury constituted a verdict for the plaintiff.