EDGAR W. WINSLOW, Respondent, *v.* JOSEPH P. DAY, Appellant.

Third Department, July 8, 1920.

**Principal and agent — action for commissions for sale of real estate — liability of principal for sale to person with whom agent commenced negotiations — effect on principal's liability of fact that he did not have knowledge of all negotiations between purchaser and agent.**

A real estate broker who places property in the hands of another broker under an agreement to divide the commissions equally if the latter procures a purchaser at a stated price, is liable for one-half the commissions

where it appears that the second broker secured an offer from a prospective purchaser, which was subsequently raised, for less than the sale price, and submitted said last offer to the defendant, but did not submit the name of the prospective purchaser; that thereafter said prospective purchaser went to the defendant's office and after negotiating directly with him purchased the property at the sale price, and that the defendant knew that he was negotiating with a customer of the plaintiff through information received from the purchaser though he did not know that it was the one whose offer the plaintiff submitted; it was immaterial that he received the information from the purchaser, rather than from the plaintiff.

The mere fact that the defendant did not know all of the negotiations between the plaintiff and the purchaser resulting in a higher offer for the property than the purchaser admitted to the defendant he had made to the plaintiff does not affect the defendant's liability.

APPEAL by the defendant, Joseph P. Day, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 23d day of May, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 3d day of June, 1919, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Sayers Brothers* [*Ignatius A. Scannell* of counsel], for the appellant.

*Thomas F. Maxwell* [*Abbott H. Jones* of counsel], for the respondent.

COCHRANE, J.:

The defendant, a real estate broker in New York city, placed in the hands of the plaintiff, a real estate broker in the city of Troy, the sale of certain real estate in the last-mentioned city promising to divide with the plaintiff the commissions of five per cent if the latter procured a purchaser at the price of $20,000. This is an action to recover such commissions. The plaintiff advertised the property and procured a prospective purchaser who offered $15,000, which offer he subsequently raised to $19,000. The plaintiff by letter on January 7, 1918, communicated the fact of this last offer to the defendant but not the name of the person who made it. The defendant on the following day acknowledged receipt of the proposition saying that he would submit it to the owner but that he did

not think the latter would recede from his offering price. Plaintiff submitted this letter to his customer and gave him the address of the defendant in New York and the customer went to the office of the defendant on January 11, 1918, and purchased the property for $20,000 and subsequently consummated the purchase. It is admitted that the purchaser informed the defendant that he had been negotiating with the plaintiff and had offered him $15,000 but the defendant did not know that he was the same person who had offered $19,000. The defendant, therefore, knew he was negotiating with the plaintiff's customer. It is immaterial that he received that information from the purchaser rather than from the plaintiff. Under such circumstances the defendant could not defeat the right of the plaintiff to commissions by himself completing the negotiations which had been begun by the plaintiff. (*Lloyd* v. *Matthews*, 51 N. Y. 124; *Travis* v. *Bowron*, 138 App. Div. 554.) The mere fact that defendant did not know all of the negotiations between the plaintiff and the purchaser resulting in a higher offer for the property than the purchaser admitted he had made does not affect the question. Had the defendant been in possession of such information it would not have affected the result. He procured for the property the price which he was demanding. The case of *Sibbald* v. *Bethlehem Iron Company* (83 N. Y. 378), relied on by the defendant, is not in point. There the negotiations by the plaintiff with his customer were unsuccessful and the defendant in good faith terminated the plaintiff's contract and subsequently opened negotiations with the same prospective purchaser and eventually sold him the property. No such question here exists.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.