## MANN v. JONES et al.  (No. 1837.)

(Court of Civil Appeals of Texas. Amarillo. June 22, 1921. Rehearing Denied Oct. 5, 1921. Second Rehearing Denied Oct. 26, 1921.)

**1. Brokers ⬤≕66—Subagent could not secure agency direct from owner without notice to agent.**

A real estate agent, having agreed to represent another agent who had land listed, could not, without reasonable notice to such agent, secure an agency from the owner of the listed land direct for the sale of the property, since to do so would be a breach of good faith, which the law does not tolerate.

**2. Brokers ⬤≕66—One accepting position of subagent must abide by agreement and divide commissions.**

One who has accepted the position of subagent of one having land listed under an agreement to personally procure purchaser and divide the commissions must abide by his agreement, and divide the commissions, though the first agent had no exclusive agency, and did not actively interest himself in the negotiations resulting in a sale of the property, notwithstanding that the subagent, without notice to the first agent, procured agency direct with the owner of the listed land.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by C. W. Jones against Ed. F. Mann and another. From an adverse judgment, defendant Mann appeals. Affirmed.

Bean & Klett and Vickers & Campbell, all of Lubbock, for appellant.

W. H. Bledsoe, of Lubbock, and G. E. Lockhart, of Tahoka, for appellees.

HALL, J. The appellee Jones sued J. S. Johnson and appellant, Mann, for the recovery of 25 cents per acre commissions on the sale of four leagues of land in Hockley county. It is alleged that the property belonged to Johnson, who agreed with appellee Jones that the latter should sell said land; that no definite amount of commissions was agreed upon but that the usual and customary commission was 50 cents per acre, and that he was entitled to one-half thereof; that he agreed with Mann to allow him one-half of the commissions earned; that Johnson listed the lands with him at $16 per acre, and that soon thereafter he employed Mann to procure purchasers therefor, with the understanding that they would divide the commissions to be paid by Johnson; that Mann accepted said employment, took a list of the lands, and in December or January of the following year consummated a deal with J. C. Whaley and A. F. Jones; that said deal had been in all things closed, and that the commission was then due. He further alleg-

ed that Mann and Johnson had made some sort of an agreement, contrary to the original agreement, which was not binding on him.

Appellee Johnson answered by demurrer and general denial, and pleaded specially that he listed the lands for sale with Mann individually, who sold the same to Whaley & Jones, and that there was due him as commissions the sum of $3,480, of which amount he had paid the sum of $1,255.25, and that he held the balance subject to the orders of the court, offering and tendering the same to the party entitled to receive it. Mann answered by general demurrer, general denial of the allegations in appellee's pleadings, and, by cross-action against Johnson, his codefendant, alleged that the lands had been listed with him; that he had sold them to Whaley & Jones and was entitled to the balance of the commissions then due. A trial before a jury resulted in a judgment in favor of appellee Jones for one-half of the commissions and in favor of Mann for the remainder. The case was submitted upon special issue, in reply to which the jury found: That Jones furnished Mann a list of the lands and requested him to offer the same to Whaley & Jones under an agreement between Mann and appellee Jones that they should divide the commissions if a sale was effected; that Mann accepted appellee's proposition, and that at the time of the sale C. W. Jones had the lands listed with him for sale.

[1] There are five assignments of error presented in appellant's brief, which, under the view we take of the case, it will not be necessary for us to consider in detail. The evidence is conflicting upon the issues submitted to the jury, but is amply sufficient to support the findings. Johnson had listed the land with appellee Jones, and according to the evidence and the findings had not canceled the listing contract, and Jones was still his agent at the time of the sale. As to Johnson, Mann occupied the position of a subagent, but under the contract between C. W. Jones and Mann the former was the principal, and this relation, according to the record, existed up to the time of the sale. Having agreed to represent Jones as his agent, Mann could not, without reasonable notice to Jones, secure an agency from Johnson direct for the sale of the property. His position is analogous to that of a tenant, who attempts to deny the title of a landlord. He must first notify his principal of his purpose to terminate the agency before he can acquire rights adverse to his principal in the prosecution of the work for which the agency was created. If he had notified Jones, the latter could, and doubtless would, have made an effort to procure another purchaser. Securing the right from Johnson direct to sell the land was an attempt to violate his contract with Jones, and was

⬤≕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

such a breach of good faith as the law does not tolerate.

[2] It is contended that Jones did nothing toward procuring a purchaser, and that it was through Mann's efforts alone that Whaley & Jones were induced to buy it. A sufficient answer to this contention is that, under the contract between appellee Jones and Mann, it was not contemplated that the former should actively interest himself in the negotiations. He had the land listed with him, and, while it is not shown to be an exclusive agency, when Mann accepted the position of subagent under an agreement to procure the purchaser and divide the commissions, appellee was entitled to his share thereof, by virtue of the contract between them. Bauer et al. v. Crow, 110 Tex. 538, 221 S. W. 936; Id., 171 S. W. 296.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant moves the court for additional findings of fact. In response to said motion, we find that in November, 1918, the owner of the land listed it with appellant and agreed to pay him a commission of 20 cents per acre in the event of a sale; that such listing with Mann was by the owner upon his own initiative, and not at the solicitation of Mann. Mann did not negotiate with the purchasers until after the owner had listed the land with him in person. We are further requested to find that Mann sold the land under his contract with the owner, that he was the owner's agent when the sale was negotiated, and that the owner did not know the appellee in the sale made by Mann. We cannot find these facts as stated. As we understand the law, Mann could not, during the existence of his contract with appellee, in virtue of which he agreed to act as a subagent, make a new and independent contract with the owner to sell on his own account without first notifying the appellee and terminating the relationship of agent and subagent. Kohn v. Jacobs, 4 Misc. Rep. 265, 23 N. Y. Supp. 1033; Madler v. Pozorski, 124 Wis. 477, 102 N. W. 892.

We further find that appellee had no exclusive agency from the owner to sell the land. In the motion for rehearing the same questions are presented which have been considered in disposing of the matter originally. The appellant insists that, since appellee could not have sold the lands to Whaley & Jones, and because the record does not show that Mann had gained any advantage over appellee, or had derived any profit or benefit by virtue of the contract of subagency, he should not be required to divide the commissions with appellee. We think these facts have been shown, or at least are inferable from the record. Under the contract appellee had the right to expect that the sale would be made to Whaley & Jones by his subagent, and for their mutual benefit. With this expectation he would naturally make no effort to dispose of them to any other purchaser. If Mann had informed him of the fact that he had accepted an agency directly from the owner, and had abrogated the contract of subagency, he would be in a position to contend that no injustice had been done appellee; and this is the turning point of the case.

We think the controversy has been correctly and justly disposed of, and the motion for rehearing is overruled.