## CHILDERS et al. v. BLAIR et al.
## (No. 2165.)

(Court of Civil Appeals of Texas. Amarillo. June 27, 1923. Rehearing Denied Oct. 10, 1923.)

**1. Brokers ⚬═66—Subagent's sale presumed in accordance with terms of appointment.**

Where an agent for the sale of property promises to divide the commission with a subagent finding a purchaser, a sale by the subagent will be presumed in accordance with the terms of his appointment, in the absence of notice to the contrary, though he obtained an independent listing from the owner.

**2. New trial ⚬═108(3)—Overruling motion on ground of newly discovered evidence held not abuse of discretion.**

Where one issue, on the trial of an action between brokers for a commission on a sale of property, was whether an intervening broker prevented a sale by one of defendants, the court did not abuse its discretion in overruling defendants' motion for new trial, on the ground of newly discovered evidence of a witness for intervener that the latter had said that defendant's purchaser was not fiancially able to buy, and asked the witness to use his influence on the owner to sell to intervener's purchaser, especially where it did not appear that defendants' counsel had had no fair opportunity to examine the witness while attending court.

Error from District Court, Wichita County; E. W. Napier, Judge.

Suit by M. W. Blair against Frank Childers, R. T. Crawford, and another, in which H. H. Myers intervened. Judgments in equal amounts for plaintiff, intervener, and the named defendants, and the latter bring error. Affirmed.

Weeks, Morrow & Francis, of Wichita Falls, for plaintiffs in error.

Nelson & Kilgore, of Wichita Falls, for defendants in error.

KLETT, J. This suit was filed by M. W. Blair against Frank Childers and R. T. Crawford, plaintiffs in error, and L. S. Kent, defendant in error. The defendant in error H. H. Myers intervened. The controversy was over a commission of $6,250, which Kent, as owner, admitted owing. Blair claimed one-half of the commission. Myers claimed he and Blair were entitled to one-half. Childers and Crawford claimed all of the commission. The trial without a jury resulted

in a judgment allowing each of the claimants one-fourth of the amount in controversy. Kent employed Myers as broker and agreed to pay him 5 per cent. commission for any sale made by him or through him. Myers engaged Blair to assist in securing a purchaser. Blair enlisted the services of Childers, with the understanding that should Childers procure a purchaser one-half of the commission would be paid Childers and one-half to Blair and Myers. Childers then associated Crawford with him. In a subsequent conversation between Crawford and Myers this agreement was confirmed by Crawford. Crawford learned through Childers of the existence of the property and of the fact that it was for sale. Childers obtained this information from Blair, and Blair, in turn, received it from Myers. Thereafter Crawford obtained a listing from Kent without notice to Blair or Myers. The sale was effected through the efforts of Crawford and Childers, without the assistance of Blair or Myers. It was not until the sale had been made that Blair and Myers learned that Childers and Crawford were attempting to act independently.

The plaintiffs in error claim that the undisputed evidence shows that, although Myers knew Crawford had a prospective purchaser, Myers never supported the negotiations, but, on the contrary, opposed the deal by seeking to make a sale to one Danciger. They also state that Myers refused to introduce Kent to Crawford once at the hotel, when Crawford called to see Kent. It does appear that Myers was on a deal with Danciger, trying to bring about a combination sale and loan, but it is not shown by the undisputed evidence that Myers interfered with Crawford's efforts, or did anything to prevent the sale finally obtained by Crawford and Childers, though there is evidence from which the trial court could have found otherwise.

[1] We are of the opinion that, where an agent promises to divide the commission with a subagent, in the event the latter finds a purchaser, a sale by the subagent will be presumed to be in accordance with the terms of the subagent's appointment, in the absence of notice to the contrary, even though the subagent has obtained an independent listing from the owner. The agent's employment of a subagent creates between the two the fiduciary relation of principal and agent. The relation arises when the subagent accepts the employment, though the liability for the commission does not accrue until the labor is performed. Until the agent's authority expires, or is legally terminated, the agent has the right to compensation for services rendered in accordance with the contract. Neither the principal nor the agent has the right to ignore the reciprocal rights and liabilities

existing by operation of law. The duty of fidelity to the principal will not allow the agent to acquire a secret association adverse to the principal's interest. Hence we believe the plaintiffs in error ought to divide the commission as they agreed to do. Mann v. Jones (Tex. Civ. App.) 233 S. W. 989; Bauer v. Crow, 110 Tex. 538, 221 S. W. 936.

[2] The plaintiffs in error sought a new trial on the ground of newly discovered evidence. By affidavits attached to the motion for new trial it was made to appear that on the night after the judgment had been rendered one of the witnesses, who testified for Myers, went to the office of counsel for plaintiffs in error and told them that he recalled, after hearing the argument in the courtroom, that Myers had told him that Crawford's purchaser was not financially able to buy, and asked him to use his influence on Kent to sell to Danciger. Counsel who tried the case for plaintiffs in error also attached their own affidavits to the effect that, although they talked to the witness while he was under the rule and cross-examined him on the stand, they did not know, and the witness did not tell them, the facts stated. Bearing in mind that one of the issues of fact during the trial was whether or not Myers prevented the sale by Crawford, and that the newly discovered evidence was merely cumulative, we cannot say, and are unwilling to find, under the circumstances, that the trial court abused its discretion, particularly in view of the fact that it does not appear that counsel for plaintiffs in error did not have a fair opportunity to interview or examine the witness while he was attending court.

The judgment of the trial court is affirmed.