## WARNER v. NORDAN & MORRIS et al.
### No. 11076.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 21, 1942.

Rehearing Denied Feb. 18, 1942.

W. H. Kennon, of San Antonio, for appellant.

C. M. Gaines, Arnold & Cozby, and Dodson, Ezell & Duke, all of San Antonio, and Neel, King & Rachal and Nat B. King, all of Corpus Christi, for appellees.

MURRAY, Justice.

Prior to February 2, 1937, Thor Warner was the owner of oil, gas and mineral leases covering six tracts of land located in Zapata County, Texas. Under these leases Warner was the owner of a seven-eighths interest of the oil, gas and mineral in, on and under these tracts.

On the date above stated, Thor Warner as owner and Wm. H. Winn as operator entered into a contract and agreement whereby Warner conveyed to Winn a two-thirds interest in these leases, in consideration of Winn's developing and operating the leases insofar as the gas interest was concerned. Winn agreed to drill four gas wells under certain conditions. It was agreed that Winn was ultimately to be reimbursed for the expenses of drilling and operating these wells in the following manner: "The net profits derived from any wells completed on such premises owned jointly by the parties hereto under this agreement, after first deducting the expenses in connection with the maintenance and operation thereof and of the leasehold premises other than the costs of drilling and completing the first four wells, shall be divided between the owner and the operator in the proportion of 3/4 to operator, and 1/4 to owner, until the costs and expenses of drilling and completing any or all of said first four wells, as herein provided, shall have been returned to operator, and after operator has been repaid for all of the said wells drilled up to four, at his own cost and expense, under the terms hereof, such net profits shall be divided so that operator shall receive 2/3 thereof and owner 1/3."

On March 17, 1937, W. H. Winn and Thor Warner, as sellers, and Nordan and Morris, a partnership, as buyers, entered into a "Gas Purchase Contract" containing, among others, the following covenant and stipulation:

Sellers (Wm. H. Winn and Thor Warner) here designate their respective interests in the gas covered by this Contract to be as follows, and do hereby and herein authorize Buyer (Nordan and Morris) to make settlement direct for the respective interest here shown:

"Wm. H. Winn 3/4th of 7/8ths and Thor Warner 1/4th of 7/8ths until Winn shall have received approximately $23,000.00 from his (3/4ths of 7/8ths) interest.

"After Winn has received approximately $23,000.00 as hereinabove provided, then

and from that time the division of interest shall be:

"Wm. H. Winn—2/3rd of 7/8ths, and Thor Warner—1/3rd of 7/8ths."

On February 15, 1938, another "Gas Purchase Contract" was entered into by the same parties, containing a similar provision. The only difference in these contracts being that they covered different tracts of land in Zapata County.

On January 15, 1940, C. M. Gaines, as attorney for Wm. H. Winn, wrote the following letter to Nordan and Morris, to-wit:

"Messrs. Nordan & Morris

"Milam Building
"San Antonio, Texas
"Gentlemen:

"In regard to the leases in the Lopena field in Zapata County, Texas, operated by Mr. Wm. H. Winn, from which you have been purchasing the gas production and remitting to Mr. Winn and to Mr. Warner, Mr. Winn has, under his agreement with Mr. Warner, a lien against all of the interest of Mr. Warner to secure the repayment of any monies due to Mr. Winn, and there is now due and unpaid by Mr. Warner to Mr. Winn in excess of $3,000.00 so secured.

"This lien exists against the gas previously sold and delivered to you but no claim is asserted against you for that part paid for in the past but Mr. Winn is asserting his lien to all not heretofore paid for and will find it necessary to follow the proceeds of the sale of Mr. Warner's interest unless, of course, a settlement.is made, and this is to advise you of this lien and the claim of Mr. Winn as above stated.

"Yours very truly,
"C. M. Gaines."

When this letter was received, Nordan and Morris ceased making any payments direct to Warner for gas taken from the field, and on June 27, 1940, filed this suit in the nature of an interpleader and secured an interlocutory order directing them to pay the sum of $2,096.09 into the registry of the court, being the amount on hand due Warner under the gas purchase contracts. The order also directed Nordan and Morris to pay all future sums due Warner under said gas purchase contracts into the registry of the Court.

Wm. H. Winn answered setting up his claims against Warner, and Thor Warner answered defending against the claims of Winn. The trial began to a jury but resulted in an instructed verdict and judgment based thereon.

The judgment decreed a recovery by Winn against Warner in the sum of $2,858.-91, together with interest from February 17, 1941, at 6% per annum. The clerk was directed to pay Winn this sum out of funds accumulated in his hands, and to pay to Warner the balance on hand after satisfying the judgment in Winn's favor.

Nordan and Morris were allowed to recover the sum of $250 as attorney's fees and all court costs to be paid equally by Winn and Warner.

It is further decreed that there is a balance due Winn for drilling and completion of three wells as of January 1, 1941, of $9,843.94, and that Winn is entitled to receive three-fourths of the net profits of the gas derived by Warner and Winn from any wells completed on the said premises after first deducting the expenses from and after January 15, 1941, incurred in connection with the maintenance and operation thereof and of the leasehold premises, until the said Winn shall have received the said sum of $9,843.94.

From this judgment Warner has prosecuted this appeal.

Appellant first contends that appellees Nordan and Morris should not have been permitted to interplead in this case, but should have been held to be parties to the suit. This contention involves the attorney's fees which Nordan and Morris were permitted to recover, $125 of which was adjudged against Warner, and also the court costs adjudged against Warner, that is one-half of the costs of interpleader, and, further, the failure of the court to charge Nordan and Morris with legal interest during the time funds were held in their hands.

Appellant contends that interpleader did not lie as a matter of law, because Winn's claim was not to a specific fund or thing, but merely an alleged indebtedness to him by Warner. We overrule this contention. Winn did not assert any claim on funds previously paid to Warner by Nordan and Morris, but simply as to payments then due or that might become due to him in the future. The money due Warner was for gas taken from the leasehold, of which Winn owned two-thirds and had a lien against the one-third owned by Warner to secure him for money advanced incident to maintaining and operating the gas wells. Winn had a

right under the contract between himself and Warner to have this money deducted before Warner was paid his one-fourth interest. Under such circumstances, Winn's claim was to a specific fund such as is contemplated in interpleader proceedings.

Appellant complains because interpleaders Nordan and Morris were permitted to pay into the registry of the court not only the funds accumulated in their hands, but also were permitted to pay all future sums thus coming into their hands. In view of the agreed order entered in the case with reference to future payments due Warner and in view of the final judgment rendered, appellant has no grounds for complaint as to the impounding of future payments due him.

█ Appellant next contends that while Winn had a right under the original contract to first deduct money expended for the maintenance and operation of the gas wells, no such right was given him by the gas sales contracts subsequently executed, and therefore Winn lost his right to have this operating expense deducted. We overrule this contention. It is true that Winn and Warner both warranted the title of the gas to be taken from the leasehold and agreed upon a division order of three-fourths to Winn and one-fourth to Warner, until the happening of a certain contingency. They both also agreed to give a bond or other security to Nordan and Morris if any questions were raised as to the rights of Winn and Warner to receive such payments. Warner failed to furnish Nordan and Morris a bond or other security when the question arose and he is now in no position to complain because the money was paid into the registry of the court.

█ Winn did not lose his right to deduct the operating expense as between him and Warner by the execution of the gas sales contracts to Nordan and Morris. The sales contracts did not take away any of the provisions of the prior operating contract.

█ Appellant next complains that interpleaders were not entitled to be discharged as impartial stakeholders, because they allowed money due Warner to accumulate for about five months before filing their interpleader and because they secured an ex parte order authorizing the impounding of money which might come into their hands in the future. The record discloses, as a matter of law, that Nordan and Morris were disinterested as to who would ultimately recover the funds paid into court. Their only interest seems to be that they did not wish to be required to pay the money twice. They had received notice of Winn's claim to the funds. They had seen the contract between Winn and Warner, where Winn was given the right to deduct the expense of operating and maintaining the wells before Warner was entitled to receive any payments. They also knew that Winn had a lien against the leasehold estate to secure him in the payment of such sums. They waited a reasonable length of time for Winn and Warner to adjust their differences, or for Warner to furnish the bond or other security against loss if they paid such funds to him. When it became apparent that Winn and Warner were not going to adjust their differences and that Warner was not going to furnish them security they filed an interpleader in the court. Under all the facts and circumstances they were justified in filing the interpleader and were entitled to be adjudged impartial stake-holders of the funds in their hands, over the ownership of which there existed a dispute between Warner and Winn.

In passing upon this question we go no further than to hold that Winn's claim to a lien upon such funds in the hands of Nordan and Morris was sufficient to justify them in not taking the responsibility of paying the funds to Warner and perhaps thereafter be confronted with a serious suit in law for a second payment of the same funds to Winn.

As to the judgment in favor of Winn against Warner, appellant, in substance, contends that inasmuch as the gas sales contracts did not contain any provision authorizing Winn to deduct expense of operating and maintaining the gas wells and inasmuch as the gas sales contracts were executed subsequently to the original operating contract between him and Winn, that Winn thereby lost his right to deduct maintenance and operating expenses. We overrule this contention. The gas sales contracts had to do only with the sale of the gas produced from the leases to Nordan and Morris and in no way changed the obligations created by the original contract between Warner and Winn.

The judgment rendered by the trial court goes no further than to require Warner to pay the sums justly due by him to Winn under the operating contract existing between them.

The judgment is affirmed.