## DAVIS v. BRUNO.
### No. 584.

Municipal Court of Appeals for the District of Columbia.

March 11, 1948.

Leroy A. Brill, of Washington, D. C. (Mark P. Friedlander, of Washington, D. C., on the brief), for appellant.

I. H. Halpern, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Joseph E. Bruno, a broker, sued Robert E. Wright and William J. Davis, also a broker, for one-half the commission on the sale of certain real estate owned by Wright. The verdict of the jury was in favor of Wright but against Davis. This appeal involves only the judgment against Davis.

To support their verdict against Davis the jury could have found from the evidence the following facts. Davis authorized Bruno to assist him in selling certain houses being erected by Wright, promising Bruno half the commission on any sale to a purchaser procured by Bruno. Bruno interested one Mickens in the purchase of one of the houses and secured from him a written offer to buy at a price of $6,000. Bruno presented the offer to Davis who in turn presented it to Wright. The offer was not accepted by Wright and was thereafter withdrawn by Mickens. Some months later Davis, without consulting Bruno, negotiated with Mickens and secured from him an offer to purchase the same house for $7,250. Wright accepted this offer, the sale was completed, and Davis received from Wright the commission on the sale. The jury found that Bruno was entitled to recover from Davis one-half of such commission.

On this appeal Davis contends, first, that the trial court was in error in permitting plaintiff to amend his bill of particulars after verdict to conform to the evidence. Civil Rule 15(b) of the trial court, identical with Rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, authorized such an amendment. Appellant concedes this but contends that the amendment did not conform to the evidence. We think it did. It is apparent from the testimony that plaintiff advanced two claims at the trial. One was that both Wright and Davis authorized plaintiff to obtain a purchaser at a price of $6,000, that he obtained such a purchaser, and thereby became entitled to

half the commission on such sale price. His other claim was that he was engaged by Davis alone to assist in selling the houses, with the agreement that the commission on any sale to a purchaser procured by him would be shared between him and Davis. Both claims were strongly contested, and the jury by its verdict rejected the first and accepted the latter. The two claims were inconsistent and resulted in some confusion in the testimony, but the jury were entitled to sift the evidence, draw reasonable inferences and determine the ultimate facts. The court's charge is not included in the record and we must assume the issues were properly submitted to the jury.

The other contention of appellant is that on the whole evidence he was entitled to a directed verdict. We think the evidence clearly presented questions of fact for the jury as to the existence of the agreement between Bruno and Davis, as to the services performed by Bruno under that agreement, as to the use by Davis of those services in effecting the sale, as to the abandonment of the agreement by Bruno, and as to the good faith exercised by Davis in making the sale without notice to Bruno. The verdict of the jury decided those questions in favor of Bruno and established his right to a recovery.[1]

Affirmed.

---

[1] Cf. Winslow v. Day, 192 App.Div. 834, 183 N.Y.S. 2; Kohn v. Jacobs, 4 Misc. 265, 23 N.Y.S. 1033; Childers v. Blair, Tex.Civ.App., 254 S.W. 605; Mann v. Jones, Tex.Civ.App., 233 S.W. 989.