Curtis BARNETT et al., Appellants,

v.

Travis WOODLAND, Appellee.

No. 10542.

Court of Civil Appeals of Texas.

Austin.

Feb. 12, 1958.

Rehearing Denied March 5, 1958.

Russell G. Ferguson, Austin, for appellants.

Emmett Shelton, Arthur P. Bagby, John C. Foshee, Austin, for appellee.

GRAY, Justice.

The question presented is the division of a real estate commission between a real estate dealer and his salesman.

Appellant, Curtis Barnett, was a real estate dealer, appellee, Travis Woodland, was employed by him as a salesman and a sale of 120 acres of land in Hays County owned by Jim E. Tucker was consummated with M. R. Stowe as the purchaser. The agreed commission amounted to $2,500 which was evidenced by a promissory note executed by Tucker and payable to appellant at the rate of $200 per month. At the time the suit was filed appellee had been paid $500 and appellant refused to make any further payments to appellee.

Appellee alleged his employment by appellant and that appellant agreed to pay him 50 per cent of all commissions received for the sale of property sold by appellee in the City of Austin and 60 per cent of such commissions for the sale of rural property. He alleged that he and appellant inspected the above 120 acres of land; that an advertisement was placed in a newspaper with directions to prospective purchasers to call appellee's telephone number; that Stowe called appellee and requested a meeting for the following morning for the purpose of inspecting the property; that the next morning appellee contacted appellant at his office and advised him of

the appointment made with Stowe; that appellant then insisted that appellee go with him to inspect other rural property and assured him that if Stowe came to the office appellant's wife, who was then with him, would keep Stowe at the office until appellee returned; that while appellant and appellee were away Stowe did come to appellant's office and that Mrs. Barnett took him to the 120 acres with the result that a sale was consummated. He further alleged that Tucker prevailed upon appellee and appellant to take their commission of $2,500 at the rate of $200 per month and that the giving of the above mentioned note resulted. He alleged that it was agreed that appellee should receive $1,250 as his share of the commission; that he had been paid $500 and he sued for $750.

Jim E. Tucker was made a party defendant with a prayer that a receiver be appointed to take charge of the note; that Tucker pay the installments of the note into the registry of the court and that the same be paid out as the judgment of the court may direct.

Tucker answered that he was subjected to conflicting claims of appellee and appellant which claims relate to the same debt; that he was honestly in doubt as to who had the prior right to payment and that he was not independently liable to either. He prayed that the rights of appellee and appellant to the unpaid balance of the note be adjudicated; that they be restrained from instituting action against him for recovery on the note; that appellee and appellant be required to interplead and settle their rights to the balance due on the note "constructively deposited into the registry of the court" and prayed that he be allowed a reasonable attorney's fee.

Appellant answered and by cross action against appellee prayed for recovery of the $500 paid to appellee alleging that it had been paid upon false and fraudulent representations of appellee.

Upon a hearing the receivership was denied and Tucker was ordered to pay the installments of the note then due and unpaid into the registry of the court and to pay future installments as they came due into the registry of the court to be there held pending a final judgment.

At a nonjury trial appellee was awarded a recovery against appellant of $750 which sum less one-half of the court costs was directed to be paid by the clerk out of the money on deposit in the registry of the court. An attorney's fee of $100 was allowed Tucker which fee was taxed as costs.

The trial court filed findings of fact and conclusions of law. He found, along with other findings, that appellee was a duly licensed real estate salesman and that:

"6. At the time of the signing of the contract of sale between the Stowes and the defendant, Tucker, the plaintiff and defendant, Barnett, agreed to divide the commission of $2,500.00 for the sale of the property equally between themselves, each to receive the sum of $1,250.00. Later, the plaintiff and defendant, Barnett, agreed to take a note from defendant Tucker for the commission, which note was payable in monthly installments. At this time the defendant Barnett agreed to pay the sum of $100.00 per month to plaintiff until the plaintiff had received the sum of $1,250.00."

Appellant complains that the trial court erred in granting Tucker's interpleader and in awarding him an attorney's fee.

The pleadings and the evidence (although conflicting) were sufficient to support the conclusion that Tucker was familiar with the agreement of appellee and appellant to divide the commission the payment of which was evidenced by the note. Tucker was not interested in who recovered the money but only that he not be subjected to liability further than the note; he admitted liability on the note but denied that he was independently liable to either appellee or appellant and recognized that appellee's and appellant's rights to the funds represented by the note were to be adjudicated.

Rule 43, Texas Rules of Civil Procedure, provides:

"Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in any other rules."

And see also Rule 51 and the rules therein referred to.

The right of interpleader is to be determined under the provisions of Rule 43, supra. In Security State Bank of Pharr v. Shanley, Tex.Civ.App., 182 S.W.2d 136, 138, the court said: "this rule clearly extends and liberalizes in this State the equitable remedy of interpleader." And further said:

"It has been said concerning the remedy of interpleader that it is so beneficial and so just that any reasonable doubt as to the right thereto will be resolved in favor of the existence of the remedy. Great Southern Life Ins. Co. v. Kinney, Tex.Civ.App., 276 S.W. 741."

Appellant did not suffer any wrong by the money due on the note being paid into the registry of the court. His refusal to pay appellee caused the suit to be filed and he recovered his just portion under the agreement as found by the trial court. Warner v. Nordan & Morris, Tex.Civ.App., 158 S.W.2d 850, Er. ref. w. m.

If, as no doubt the trial court concluded, Tucker was acting in good faith the allowance of an attorney's fee was proper. Greer v. Franklin Life Ins. Co., 148 Tex. 166, 221 S.W.2d 857. Moreover the matter of granting Tucker's interpleader under Rule 43, supra, was addressed to the discretion of the trial court. Wilson v. Ammann & Jordan, Tex.Civ.App., 163 S.W. 2d 660, Er. dism. An abuse of the trial court's discretion is not shown and appellant's refusal to pay appellee having caused the suit to be filed the charging of one-half of the attorney's fee to him was not error.

Appellant complains that the trial court erred in overruling his motion for judgment because appellee failed to allege and prove that he was a licensed real estate salesman, and in overruling his exception to appellee's trial amendment.

The record shows that during the trial appellee testified that he had a real estate salesman's license. Appellant objected to the testimony because of the absence of any pleading that appellee was so licensed and asked that the testimony be stricken. The record shows no ruling by the trial court, however at this time appellee asked leave to file a trial amendment alleging that he had a real estate salesman's license and a trial amendment was filed wherein appellee alleged:

"* * * that at all pertinent times to his cause of action alleged herein he had done everything requisite of him under the laws of the State of Texas to make him qualified to receive the sums of money herein sued for."

By a bill of exceptions approved by the trial court and ordered filed, appellant shows that he excepted to the trial amendment. However after the bill of exceptions was approved and ordered filed, and on appellee's motion alleging that the bill of exceptions was never submitted to him, the trial court qualified said bill to make it conform to the record. The qualification recited the time appellant's motion for judgment was filed; that afterwards and

on the same day appellee's trial amendment was filed, and that thereafter the proceedings continued and evidence was heard.

■ No exception to the pleading is shown in the record except by the original bill of exception which was qualified by the court "to strictly conform to facts as contained in the Transcript and Statement of Facts." Further there is nothing to show that appellant's motion for judgment was ever called to the attention of the trial court and there is no showing that it was acted on. In this state of the record nothing is presented for review. Tex.Jur. Ten Year Supp., Vol. 8, p. 246, Sec. 180.

There was evidence that appellant and appellee agreed to divide the commission and the trial court so found. The evidence also shows that prior to the time the suit was filed appellant had paid to appellee $500 of the commission.

The agreement to divide the commission being shown by the evidence the trial court did not err in so finding.

The trial court concluded that the agreement to divide commissions was binding on appellant and that appellee was entitled to recover the balance of $750 due him. The judgment rendered specifically denied all prayed for relief that was not awarded. Necessarily there is implied fact findings in support of the judgment to the effect that the $500 paid to appellee was not so paid under false and fraudulent representations and because there is evidence to support the implied findings it was not error to deny appellant recovery of the $500 sued for in his cross action.

Appellant complains that the trial court erred in awarding appellee any recovery because he failed to plead and prove that he was the procuring cause of the sale to Stowe.

The pleading was, and there was evidence to show, that appellee was employed by appellant as a salesman; that appellee was contacted by Stowe and that they were to meet for the purpose of inspecting the property; that appellant knew of the arranged meeting and carried appellee on another errand with the assurance that if Stowe came to the office that he would be kept waiting until appellee's return and that anyway Stowe was appellee's client and he would get his commission. There is also evidence as to negotiations as to a reduction of the price of the property, the making of the contract of purchase and sale, the manner of the payment of the commission and its division in all of which appellee participated to some extent.

In Hancock v. Stacy, 103 Tex. 219, 125 S.W. 884, 888, the court quoted with approval from Chilton & Cole v. Butler, 1 E. D. Smith, N.Y., 150, in part as follows:

"*  *  *  if the plaintiffs had then followed up the negotiation with the person referred to, or had set on foot a negotiation with another, which resulted in a sale, they would have been entitled to their commissions. And after such negotiation had commenced, and while actually pending, the defendant could not take the matter into his own hands and complete it, either at the price limited, or at a less price, and refuse to pay the commissions."

■ This is a suit founded on an agreement made between appellant and appellee to divide a real estate commission and the usual rules governing the rights of brokers to recover commissions do not apply. 7 Tex.Jur. p. 506, Sec. 106.

■ Viewing the evidence in favor of the findings and judgment of the trial court it can be said that negotiations were begun by appellee and were concluded by appellant with full knowledge and approval of appellee's negotiations with Stowe. These negotiations led to a consummation of the sale and also led to an agreement to divide commissions. Bauer v. Crow, 110 Tex. 538, 221 S.W. 936.

Appellant's points are overruled and the judgment of the trial court is affirmed.

Affirmed.